**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZAHEER BAKSHI,<br><br>        Plaintiff,<br><br>v.<br><br>BERGEN COUNTY SUPERIOR COURT,<br><br>        Defendants. | Civil Action No.: 15-3560 (JLL) (JAD)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Pro-Se Plaintiff Zaheer Bakshi's Motion for Reconsideration. (ECF No. 46; *see also* ECF No. 48.) Mr. Bakshi asks the Court to reconsider the Opinion and Order dated May 10, 2016, in which the Court granted the Motion for Summary Judgment filed by New Jersey Superior Court – Bergen Vicinage ("Bergen Vicinage") and denied Mr. Bakshi's Cross-Motion for Summary Judgment. (ECF Nos. 44, 45.) The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies the motion.

## **FACTUAL BACKGROUND**

The Court hereby incorporates the factual background as set forth in the May 10th Opinion. (ECF No. 44 at 1-10.)

## **PROCEDURAL BACKGROUND**

Mr. Bakshi commenced this action on May 14, 2015 in the United States District Court for the Northern District of New York with the filing of a complaint seeking injunctive relief under Title II of the ADA, and application to proceed *in forma pauperis*. (ECF No. 1 ("Compl.").)

On May 26, 2015, United States Magistrate Judge Andrew T. Baxter transferred the matter to this Court, but explicitly declined to provide an opinion on the application to proceed *in forma pauperis* or on the merits of the claim. (ECF No. 4.) The matter was transferred to this Court and it was assigned to the undersigned on May 27, 2015. (ECF No. 5.)

On August 24, 2015, the Court granted Mr. Bakshi's application to proceed *in forma pauperis* without analyzing the merits of the claim. (ECF No. 7.) On September 29, 2015, in response to Mr. Bakshi's September 16th letter, the Court issued an Amended Order, directing the U.S. Marshal to serve Mr. Bakshi's complaint on Bergen Vicinage. (ECF No. 10.) Bergen Vicinage was served on October 16, 2015. (ECF No. 16.)

On November 5, 2015, Bergen Vicinage received the automatic extension of time to answer or reply under Local Civil Rule 6.1(b). (ECF No. 17.) On November 18, 2015, Bergen Vicinage filed a motion for extension of time to answer or reply (ECF No. 18), which was granted on November 20, 2015. (ECF No. 19.) Mr. Bakshi objected to the Court's granting the extension without permitting him an opportunity object (ECF No. 20), to which United States Magistrate Judge Joseph A. Dickson responded, explaining the standard for a motion for extension of time. (ECF No. 22.) In a letter dated December 17, 2015, Mr. Bakshi responded to Judge Dickson's letter and stated that he would not accept electronic filings going forward. (ECF No. 24.)

On December 21, 2015, Bergen Vicinage filed a second motion for extension of time to

answer or reply. (ECF No. 23.)

On January 12, 2016, Judge Dickson granted Bergen Vicinage's second motion for extension of time in part, and set a deadline of January 31, 2016 for Bergen Vicinage to answer or reply. (ECF No. 27.) After learning of this Order via telephone communication with the Court, Mr. Bakshi filed objection dated January 12, 2016 and January 15, 2016. (ECF Nos. 30, 31.)

In papers dated January 7, 2016, Mr. Bakshi filed a motion for entry of default judgment (ECF No. 28.) In papers dated January 15, 2016, Mr. Bakshi filed another motion for default judgment. (ECF No. 32.) In light of Judge Dickson's January 12, 2016 Order giving Bergen Vicinage until January 31, 2016 to answer or reply to Mr. Bakshi's complaint, the undersigned denied Mr. Bakshi denied both of Mr. Bakshi's motions for default judgment as moot. (ECF Nos. 29, 34.)[1]

On January 29, 2016, Bergen Vicinage filed a motion for summary judgment in lieu of an Answer. (*See* ECF No. 35-5 ("BV Mov. Br.").) In light of requests from Mr. Bakshi, the Court ultimately granted him until March 16, 2016 to oppose the motion (*see* ECF No. 37), and Mr. Bakshi timely filed his submission. (ECF No. 40.)[2] Bergen Vicinage filed a letter brief in opposition to Mr. Bakshi's cross-motion and in further support of its motion. (ECF No. 43.) Mr. Bakshi twice telephoned chambers *ex parte* to reiterate the arguments set forth in his submission. On May 10, 2016, the Court granted Bergen Vicinage's Motion for Summary Judgment and denied Mr. Bakshi's Cross-Motion. (ECF Nos. 44, 45.)

On May 17, 2016, Mr. Bakshi faxed a letter to the Court asking the Court to "[v]acate

---

[1] The Court received an unintelligible letter from Mr. Bakshi on January 26, 2016. (ECF No. 33.)

[2] As noted *supra*, the Court construes Mr. Bakshi's submission as both a cross-motion for summary judgment and opposition to Bergen Vicinage's motion for summary judgment.

dismissal and restore to trial as promised by Judge Dixon [sic]." (ECF No. 46.) Mr. Bakshi requested that the Court construe the letter as a Motion for Reconsideration, and the Court Ordered as such. (ECF No. 47.) On May 19, 2016, Mr. Bakshi filed another letter in support. (ECF No. 48.) He also left a voicemail on the chambers answering machine. On May 24, 2016, Bergen Vicinage filed opposition. (ECF No. 49.) The matter is now ripe for adjudication.

## LEGAL STANDARD

Local Civil Rule 7.1(i) governs motions for reconsideration in this District. It requires a movant to set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i). To prevail on a motion for reconsideration, the movant must show at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (citations omitted).

"To prevail under the third prong, the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *Mason v. Sebelius*, No. 11-2370, 2012 WL 3133801, at *2 (D.N.J. July 31, 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)). But the "fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration." *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *3 (D.N.J. July 21, 2011).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Database Am., Inc. v. Bellsouth Advert. & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations and internal quotation marks omitted). In other words, reconsideration is not warranted where "(1) the movant simply repeats the cases and arguments previously analyzed by the court; or (2) the movant has filed the motion merely to disagree with or relitigate the court's initial decision." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 167–68 (D.N.J. 2013) (internal citations omitted). "Unless a court has truly failed to consider pertinent authorities or evidence that could not with reasonable diligence have been presented earlier, a motion to reconsider a decision (even one that may contain an error) is generally futile." *Id.* at 168. Indeed, reconsideration of a decision is an "extraordinary remedy," which should be granted "very sparingly." *Friedman v. Bank of Am., N.A.*, No. 09-2214, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012).

## ANALYSIS

Mr. Bakshi moves for reconsideration under the third prong—the need to correct a clear error of law or fact or to prevent manifest injustice—in essence arguing that the Court overlooked or misconstrued the evidence in the record.[3] Mr. Bakshi primarily contends that counsel for Bergen Vicinage "submitted forged certified receipts showing that I signed for the offer of untimely remote access when it clearly shows that I never signed any such receipts, since I had informed in advance that I would be away for thanksgiving holidays." (ECF No. 46.) Mr. Bakshi

---

[3] To be clear, Mr. Bakshi does not suggest that there was an intervening change in controlling law or that new evidence is available. *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013).

continues:

> I did not sign any certified receipts. In order to fraudulently convince the court that I did, the defendant takes another certified receipt and superimposes on the 11/18 receipt as if to show I signed it. . . . Defendant's only evidence has been a fraudulent affidavit with forged signature showing that I signed for a certified receipt on 11/19 for a purported package containing instructions for remove access. I never signed any such certified receipt.

(ECF No. 48 at 2.) Mr. Bakshi further argues generally that the Court "inadvertently overlooked" evidence relating to alleged denial of ADA rights—including the calling restriction imposed by Judge Steele via her letter dated September 26, 2014—and states that it is "axiomatic that all the 'evidence' of denial and cynical manipulations of my ADA rights is in black and white. If this was not the case then Judge Baxter would have dismissed it, but refused 'in the interest of justice' citing the egregious nature of violations of my ADA rights." (ECF No. 48 at 1.)

Mr. Bakshi raised the same arguments in his cross-motion, and the Court took them fully into consideration in reaching its conclusion that there was insufficient evidence upon which Mr. Bakshi could establish that he is disabled, or, more significantly, that he was denied equal opportunity to access the courts. (*See* ECF No. 44 at 19-23.) For example, in the May 10th Opinion, this Court explained in detail how Mr. Bakshi's reliance on Judge Baxter's transfer order was misguided (*id.* at 22-23), and remarked on the purported fact dispute concerning receipt of remote access instructions (*id.* at 18-19)[4], but ultimately concluded that Mr. Bakshi had failed to submit evidence sufficient to establish one of the "essential elements" of his case—that he was

---

[4] To the extent Mr. Bakshi now claims that he "did not sign any certified receipts," (*i.e.*, that he did not ever receive remote access instructions) this argument was not raised in his cross-brief, and, in fact, Mr. Bakshi previously stated (and the evidence shows) that he in fact signed for the letter on November 25, 2014. (*See* Simoldoni Aff., Ex. D; *see also* Bakshi Br. at 8, ¶ 10 (stating that "I received the [11/18 letter] by USPS mail on 11/25 and by that date it was untimely.").) The Court's May 10th Opinion construed the evidence in a light most favorable to Mr. Bakshi and assumed for purposes of deciding the motion that he had not received the letter until 11/25.

denied the opportunity to litigate his case. In short, Mr. Bakshi has not cited to any evidence that the Court overlooked. In fact, the Court took all of the evidence and arguments in the record into consideration in reaching its decision. Rather, it appears as though Mr. Bakshi is simply (and improperly) attempting to relitigate matters that were already decided due to his disagreement with the outcome. *See CPS MedManagement*, 940 F. Supp. 2d 141, 167–68 (D.N.J. 2013) (internal citations omitted). Ultimately, Mr. Bakshi has not demonstrated entitlement to the requested "extraordinary remedy," which should be granted "very sparingly." *Friedman*, 2012 WL 3146875, at *2.

## CONCLUSION

For the reasons above, the Court denies Mr. Bakshi's motion for reconsideration. (ECF No. 46.) An appropriate Order accompanies this Opinion.

DATED: May 26, 2016

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE