**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZAHEER BAKSHI, <br><br> Plaintiff, <br><br> v. <br><br> BERGEN COUNTY SUPERIOR COURT, <br><br> Defendants. | Civil Action No.: 15-3560 (JLL) (JAD) <br><br> **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Pro-Se Plaintiff Zaheer Bakshi's Second Motion for Reconsideration. (ECF Nos. 52, 53.) Mr. Bakshi asks the Court to reconsider the Opinion and Order dated May 10, 2016, in which the Court granted the Motion for Summary Judgment filed by New Jersey Superior Court – Bergen Vicinage ("Bergen Vicinage") and denied Mr. Bakshi's Cross-Motion for Summary Judgment. (ECF Nos. 44, 45.) The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies the motion.

### **FACTUAL BACKGROUND**

The Court hereby incorporates the factual background as set forth in the May 10th Opinion. (ECF No. 44 at 1-10.)

## PROCEDURAL BACKGROUND

Mr. Bakshi commenced this action on May 14, 2015 in the United States District Court for the Northern District of New York with the filing of a complaint seeking injunctive relief under Title II of the ADA, and application to proceed *in forma pauperis*. (ECF No. 1 ("Compl.").)

On May 26, 2015, United States Magistrate Judge Andrew T. Baxter transferred the matter to this Court, but explicitly declined to provide an opinion on the application to proceed *in forma pauperis* or on the merits of the claim. (ECF No. 4.) The matter was transferred to this Court and it was assigned to the undersigned on May 27, 2015. (ECF No. 5.)

On August 24, 2015, the Court granted Mr. Bakshi's application to proceed *in forma pauperis* without analyzing the merits of the claim. (ECF No. 7.) On September 29, 2015, in response to Mr. Bakshi's September 16th letter, the Court issued an Amended Order, directing the U.S. Marshal to serve Mr. Bakshi's complaint on Bergen Vicinage. (ECF No. 10.) Bergen Vicinage was served on October 16, 2015. (ECF No. 16.)

On November 5, 2015, Bergen Vicinage received the automatic extension of time to answer or reply under Local Civil Rule 6.1(b). (ECF No. 17.) On November 18, 2015, Bergen Vicinage filed a motion for extension of time to answer or reply (ECF No. 18), which was granted on November 20, 2015. (ECF No. 19.) Mr. Bakshi objected to the Court's granting the extension without permitting him an opportunity object (ECF No. 20), to which United States Magistrate Judge Joseph A. Dickson responded, explaining the standard for a motion for extension of time. (ECF No. 22.) In a letter dated December 17, 2015, Mr. Bakshi responded to Judge Dickson's letter and stated that he would not accept electronic filings going forward. (ECF No. 24.)

On December 21, 2015, Bergen Vicinage filed a second motion for extension of time to

2

answer or reply. (ECF No. 23.)

On January 12, 2016, Judge Dickson granted Bergen Vicinage's second motion for extension of time in part, and set a deadline of January 31, 2016 for Bergen Vicinage to answer or reply. (ECF No. 27.) After learning of this Order via telephone communication with the Court, Mr. Bakshi filed objection dated January 12, 2016 and January 15, 2016. (ECF Nos. 30, 31.)

In papers dated January 7, 2016, Mr. Bakshi filed a motion for entry of default judgment. (ECF No. 28.) In papers dated January 15, 2016, Mr. Bakshi filed another motion for default judgment. (ECF No. 32.) In light of Judge Dickson's January 12, 2016 Order giving Bergen Vicinage until January 31, 2016 to answer or reply to Mr. Bakshi's complaint, the undersigned denied both of Mr. Bakshi's motions for default judgment as moot. (ECF Nos. 29, 34.)[1]

On January 29, 2016, Bergen Vicinage filed a motion for summary judgment in lieu of an Answer. (*See* ECF No. 35-5 ("BV Mov. Br.").) In light of requests from Mr. Bakshi, the Court ultimately granted him until March 16, 2016 to oppose the motion (*see* ECF No. 37), and Mr. Bakshi timely filed his submission. (ECF No. 40.) Bergen Vicinage filed a letter brief in opposition to Mr. Bakshi's cross-motion and in further support of its motion. (ECF No. 43.) Mr. Bakshi twice telephoned chambers *ex parte* to reiterate the arguments set forth in his submission. On May 10, 2016, the Court granted Bergen Vicinage's Motion for Summary Judgment and denied Mr. Bakshi's Cross-Motion. (ECF Nos. 44, 45.)

On May 17, 2016, Mr. Bakshi faxed a letter to the Court asking the Court to "[v]acate dismissal and restore to trial as promised by Judge Dixon [sic]." (ECF No. 46.) Mr. Bakshi requested that the Court construe the letter as a Motion for Reconsideration, and the Court Ordered

---

[1] The Court received an unintelligible letter from Mr. Bakshi on January 26, 2016. (ECF No. 33.)

as such. (ECF No. 47.) On May 19, 2016, Mr. Bakshi filed another letter in support. (ECF No. 48.) He also left a voicemail on the chambers answering machine. On May 24, 2016, Bergen Vicinage filed opposition. (ECF No. 49.) On May 26, 2016, the Court denied Mr. Bakshi's Motion for Reconsideration. (ECF Nos. 50, 51.)

Subsequent to the Court's Order denying the Motion for Reconsideration, the Court received two letters from Mr. Bakshi—dated May 28, 2016 and June 8, 2016, respectively—in which he asks the Court to reopen the case. (ECF Nos. 52, 53.) Enclosed with the May 28th letter are "two crucial pieces of documents" that, according to Mr. Bakshi, validate his claim of denial of ADA rights and address the issues raised in this Court's summary judgment Opinion.

On June 16, 2016, the Court entered an Order advising the parties that, given Mr. Bakshi's pro-se status, and the importance of the rights at issue, it would construe Mr. Bakshi's submissions dated May 28, 2016 and June 8, 2016 (ECF Nos. 52, 53) in conjunction as a Second Motion for Reconsideration. (ECF No. 54.) The Court further advised that the instant Second Motion for Reconsideration shall be the final time the Court reconsiders its May 10, 2016 Opinion and Order. (*Id.*). Bergen Vicinage filed opposition on June 27, 2016, in accordance with this Court's order. (ECF No. 55.) The instant matter is ripe for adjudication.

Separately, on June 29, 2016, the Court received a Notice of Appeal from Mr. Bakshi, dated June 14, 2016, in which Mr. Bakshi requests "an extension for an appeal to the Third Circuit" and appears to request a 60-day extension to file the necessary paperwork with the Third Circuit. (ECF No. 56.) This Court has no comment on this request and leaves it to the Third Circuit to set its own deadlines with respect to Mr. Bakshi's appeal.

4

## **LEGAL STANDARD**

Local Civil Rule 7.1(i) governs motions for reconsideration in this District. It requires a movant to set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i). To prevail on a motion for reconsideration, the movant must show at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (citations omitted).

"To prevail under the third prong, the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *Mason v. Sebelius*, No. 11-2370, 2012 WL 3133801, at *2 (D.N.J. July 31, 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)). "Reconsideration motions . . . may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Furthermore, the "fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration." *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *3 (D.N.J. July 21, 2011).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Database Am., Inc. v. Bellsouth Advert. & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations and internal quotation

marks omitted). In other words, reconsideration is not warranted where "(1) the movant simply repeats the cases and arguments previously analyzed by the court; or (2) the movant has filed the motion merely to disagree with or relitigate the court's initial decision." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 167–68 (D.N.J. 2013) (internal citations omitted). "Unless a court has truly failed to consider pertinent authorities or evidence that could not with reasonable diligence have been presented earlier, a motion to reconsider a decision (even one that may contain an error) is generally futile." *Id.* at 168. Indeed, reconsideration of a decision is an "extraordinary remedy," which should be granted "very sparingly." *Friedman v. Bank of Am., N.A.*, No. 09-2214, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012).

## **ANALYSIS**[2]

As an initial matter, the Court once again determines that Mr. Bakshi moves for reconsideration under the third prong—the need to correct a clear error of law or fact or to prevent manifest injustice—in essence arguing that the Court overlooked or misconstrued the evidence in the record. To be clear, Mr. Bakshi does not suggest that there was an intervening change in controlling law, and although Mr. Bakshi attempts to offer evidence that purportedly validates his claims (*see* ECF No. 52), it is clear that the documents submitted cannot be considered "new evidence," as both documents were available prior to the initiation of the instant lawsuit. "'[N]ew evidence,' for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a

---

[2] To the extent that Mr. Bakshi repeats the same arguments in the instant motion as he did in the first motion for reconsideration (*compare* ECF Nos. 46 and 48, *with* ECF Nos. 52 and 53), the Court hereby incorporates its Opinion addressing Mr. Bakshi's first motion for reconsideration. (ECF No. 50.)

party could not earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010) (citations omitted).

Even considering the "two crucial pieces of documents" that Mr. Bakshi submitted, the Court finds that they fail to demonstrate that this Court's summary judgment opinion and order should be reconsidered. With respect to establishing his disability, the first document purports to show Mr. Bakshi's hearing loss. Putting aside the fact that the document is not verified and is indecipherable, even if it did establish Mr. Bakshi's disability, it does not follow that Mr. Bakshi was discriminated against on account of his disability such that this Court should reconsider its prior Opinion and Order. Indeed, the second document submitted by Mr. Bakshi is a letter dated October 27, 2014 from the Honorable Susan J. Steele, J.S.C. addressed to Matthew S. Rogers, Esq., in which Judge Steele denies Mr. Rogers's request to adjourn a trial date. Judge Steele simply writes: "While I understand that Mr. Dave Scheibner, Business Director of Ridgewood Water, will be unavailable for the trial date of December 1, 2014, the trial will not be rescheduled. As this case has been adjourned multiple times, it is the Court's belief Ridgewood Water has another employee who is sufficiently capable of testifying." (*See* ECF No. 52.) The Court disagrees with Mr. Bakshi's characterization that the letter is "an admission that the Defendant had adjourned the case multiple of times due to repeated denial of CART/ remote access." (ECF No. 52.) More to the point, it is unclear how a letter denying Mr. Bakshi's adversary's request for adjournment demonstrates that Mr. Bakshi was discriminated against on account of his disability.

Mr. Bakshi also revisits certain evidence that was previously considered by this Court, for example, the calling restriction placed on Mr. Bakshi by Judge Steele, and the allegation that he

was denied CART for the 9/11 proof hearing, which he contends mandates that his case be reopened pursuant to the opinion in *Gregory v. Admin. Office of the Courts of State of New Jersey*, 168 F. Supp. 2d 319 (D.N.J. 2001). The Court states again that it fully considered all of the evidence and the allegations before it on the cross-motions for summary judgment in reaching its conclusion that there was insufficient evidence in the record upon which Mr. Bakshi could establish that he is disabled, or, more significantly, that he was denied equal opportunity to access the courts. (*See* ECF No. 44 at 19-23.)

The Court reiterates what it stated in its initial opinion addressing the cross-motions for summary judgment: "[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) (citing *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109-10 (3d Cir. 1985)). Moreover, "the Federal Rules of Civil Procedure expressly permit a defendant to move for summary judgment 'at any time,' Fed. R. Civ. P. 56(b), whether or not the parties have conducted discovery." *Koehnke v. City of McKeesport*, 350 F. App'x 720, 723 (3d Cir. 2009). If the non-movant believes that discovery is needed, Rule 56(d) specifies the procedure to be followed: "[A] party seeking further discovery in response to a summary judgment motion [must] submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Pa. Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (internal citations, quotations and brackets omitted). And although courts must liberally construe submission by pro-se litigants, "pro se litigants are nonetheless required to comply with

the procedures outlined in Rule 56 of the Federal Rules of Civil Procedure." *Lynn v. Sec'y, Dep't of Def.*, 431 F. App'x 147, 150 (3d Cir. 2011) (citing *Zilich v. Lucht*, 981 F.2d 694, 696 (3d Cir. 1992)).

Once again, the Court concludes that Mr. Bakshi has not cited to any evidence that the Court overlooked. In fact, the Court took all of the evidence and arguments in the record into consideration in reaching its decision. Rather, it appears as though Mr. Bakshi is simply (and improperly) attempting to relitigate matters that were already decided due to his disagreement with the outcome. *See CPS MedManagement*, 940 F. Supp. 2d 141, 167–68 (D.N.J. 2013) (internal citations omitted). Ultimately, Mr. Bakshi has not demonstrated entitlement to the requested "extraordinary remedy," which should be granted "very sparingly." *Friedman*, 2012 WL 3146875, at *2.

## CONCLUSION

For the reasons above, the Court denies Mr. Bakshi's second motion for reconsideration. (ECF Nos. 52, 53.) An appropriate Order accompanies this Opinion.

DATED: June 7th, 2016

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE